UNITED STATES DISTRICT COURT FOR
THE __SOUTHERN__ DISTRICT OF __WEST VIRGINIA__
( Clerk of the Court )



__MOISES GAMBOA__

**Petitioners/Defendant's**

**CRIMINAL ACTION**

No. __3:10-00111-09__

Vs.

**UNITED STATES OF AMERICA ;**
**Respondent/ Plaintiff .**

_____/

### PETITIONERS MEMORANDUM MOTION
### APPOINTMENT OF COUNSEL FOR A MOTION
### EXTRAORDINARY COMPASSIONATE RELEASE PURSUANT
### 28 U.S.C. & 3582(C)(1)(A) TO FIX UNFAIR SENTENCE WHEN NO
### " NO OTHER AVENUE EXISTS "

---

**NOW COME, Petitioners,** __MOISES GAMBOA__ **, Proceeding in (PRO-SE) Manner Status,** respectfully requesting this court **FOR APPOINMENT OF COUNSEL & 3006(A) To Review his case under MOTION COMPASSIONATE RELEASE " EXTRAORDINARY OR COMPELLING REASON CIRCUMSTANCES ARE HERE (1)- THE __56__ -Ages , MEDICAL CONDITIONS , Or NO JUST FOR ILLNESS ("ANY MORE") INCLUDE THE CHANCE TO " FIX- UNFAIR SENTENCE (" REDUCE IN SENTENCE ") WHEN NO OTHER AVENUE EXISTS PURSUANT MOTION & 3582(C)(1)(A) AND (IN SENTENCE) & 3553(A) FACTORS GRANT-COMPASSIONATE RELEASE WHEN THIS COURT TO DECIDE WHAT ARE EXTRAORDINARY AND COMPELLING CIRCUMSTANCES ("EXISTS") WARRANTING A " REDUCTION-IN-SENTENCE " & 3582(C)(1)(A) IN LIGHT REFFERED CASE IN " U.S. V. MILLAN.(SUPRA)(S.D.N. Apri. 06,2020) Court dessicion.**

## PETITIONERS REDUCTION IN SENTENCE JUSTIFY " OTHER EXTRAORDINARY AND COMPELLING CIRCUMSTANCES JUSTIFY A REDUCTION OF AN UNUSSUALLY LONG SENTENCE HERE

PETITIONERS IS eligibility, HI HAS A longer-sentence of: 200 -Months. And he has IN PRISON CUSTODY SERVED: 7 ½ -Years In Prision, he has ALREADY RELEASE. legislative history confirms that congress intended to GRANT-FEDERAL SENTENCES COURTS BROAD DISCRETION TO MAKE THOSE DETERMINATIONS ON A CASE BY CASE BASIS AND TO REDUCE FUNDAMENTALLY " UNFAIR SENTENCE " Where such reasons " EXISTS ". See, U.S. V. PENA, (SUPRA)(S.D.N.Y.2020) ("GRANTING COMPASSIONATE RELEASE when the Court finding the time he served in prision has " ALREADY ".).

CONGRESS'S initial goal in passing the comprehensive crime control act was to abolish federal parol and create a completely restructured guidelines sentencing system. S.Rep.N. 98-225, at 52,53 n. 74(1983). But with the elimination of parole as a corrective measure in cases where early release is warranted . Congress recognized the need for a alternative review process. It therefore allowed for judicial reduction of certain sentence under & 3582(C)(1)(A):
> The committed belives that there may be UNUSUAL CASES IN WHICH AN AVENTUAL REDUCTION IN THE LEGHT OF A TERM OF IMPRISONMENT IS JUSTIFIED BY
> " changed circumstances ". which " OTHER EXTRAORDINARY AND COMPELLING CIRCUMSTANCES JUSTIFY A REDUCTION OF AN UNUSUALLY -LONGER SENTENCE.
> And some cases in which the sentencing guideline for the offense of wich the de fendant was convicted have been later amended to provide a SHORT TERM OF IMPRISONMENT. Id. at 55-56(Emphasis Added.)

this approach was intended for keep " THE SENTENCING POWER IN JUDICIARY WHERE IT BELONGS. rather than with a federal parole board, and permitted later review of sentences in particularly compelling situations. Id. Notably, congress imposed no limitations on courts authority to make such determinations declining to define what constitutes " EXTRAORDINARY AND COMPELLING REASONS OR TO OTHERWISE CONSTRAIN JUDGES " DISCRETION". The Mandate was Simple:
> IF EXTRAORDINARY AND COMPELLING CIRCUMSTANCES WERE
> PRESENT, THEY WOULD JUSTIFY A REDUCTION. S.Rep.No98-225, at55-56(1983).

Reffered Cases GRANTING COMPASSIIONATE RELEASE REDUCE REDICULOUS FEDERAL SENTENCE BY 505-HOUNDREDS OF YEARS.

Mr. **JUAN CARLOS SERESIA**, with charges sentence TERRORISM an Laundering COCAINE CARTEL Granfather serving 505-years Circuit Appeal 9th cir. Ordered to be Release Grant of COMPASSIONATE RELEASE TO REDUCE SENTENCE (505) to TIME SERVED and ordered his inmediate release. The Court consider Extraordinary and Compelling reasons his **30-years served in prison custody.**, making him Susceptible to Serious subceptible from Covid-19, and his 73-ages avanced was diagnosis HIGH BLOOD PRESURE conditions are increased risk from COVID-19 And " **OTHER REASONS GRANT COMPASSIONATE RELEASE AND & 3553(a).**

## BACKGROUND AND FACTORS OF THE CASE

Petitioners was Sentenced in the District Court For the: WEST VIRGINIA ("Huntington") Received a Sentence of: 200 -(Months), He Had In Custody Since: 03/05/2010 IN THIS PRISION FEDERAL ("FACILITY"): North Lake Correctional Facility ("Low") Address is: P.O. Box 1500, Baldwin, MI. 49304 - Unit: D-4. Cell: 126-L. Received Offense Charges Counts: 21:841(a)(1); § 18:2 Aiding & Abetting The Possession W/ INTENT DISTRIbute 100-Klgms or More oF MARIJUANA (See Trncpt. Pag. 71-72.) ENHANCEMENT COUNTS (OR CONSECUTIVE) he had A-Prio Conviction Not-Counted-1988. FACTORS OD HIS CASE ("**NO VIOLENCE FACTORS EXISTS**") Mr. GAMBOA- Participation Was Without OF Use-OF- Firearm or Violence, or Prejudice to other Person, GAMBOA- admitted his Participation during the Conspiracy or Possession of Marijuana- Was Coming From Mexico being Shipped into Phoenix and later delivered - 1500 Pounds Were Kept by Mr. Dodson- Without oF Violence.[1] GRANTED & 3553(a) Relief. Petitioners Longer sentence & 3553(a) IN FAVOR OF PETITIONERS RELEASE, And He: 16 -Years(Months) Sentence in Prision Custody. he has incarcerated is sufficient, but not great that necessary, to satisfy the factors purposes, A Reduction in sentence would not diminish the Seriousness of the offense, nor would it place the public in any danger. Cases Reffered are the follow:

U.S. V. Hope, 2020 U.S.Dist. LEXIS 85395 (S.D.Fla.Pri. 10,2020); U.S. V. BROWN, 411F. Supp 3d, 446 (S.D.IOWA,2019). Petitioners had ELIGIBILITY For Compassionate release **EXTRAORDINARY CIRCUMSTANCES AND FACTORS OF THE CASE & 3553(a) GRANT-Release.** ("Mr. GAMBOA-HAD TIME SERVED STATUTORY · PERCENT- MORE OF 50% OF HIS SENTENCE")

1.- See (Trnscpts. Pag. 78-79-80.).

# EXTRAORDINARY COMPASSIONATE RELEASE
# NON MEDICAL REASONS FOR REDUCE-IN-SENTENCE
# WHEN NO OTHER REASONS EXISTS (FSA)
# MOTION PURSUANT & 3582(C)(1)(A)

On August 15,2020, The CONGRESS give the COURT's have broad " DISCRETION " to decide what are Extraordinary and compelling circumstances warranting a " REDUCTION-IN-SENTENCE, When NO OTHER AVENUE EXISTS (" THE CHANCE TO FIX-UNFAIR-SENTENCE")

The Courts are citing FUNDAMENTAL FAIRNES CONCERNS to right all kinds on wrongs under compassionate release it coldn't do before the FIRST STEP ACT-2018, (FSA)- Opened the door for prisioners to file their own MOTION COMPASSIONATE RELEASE UNDER FIRST STEP ACT UNDER & 3582(C)(1)(A) MOTION. **IT'S NO UP TO THE BOP " ANY MORE ".** U.S. V. MILLAN, 2020 No 91-CR-685 (LAP), 2020 WL 1674058, *15( S.D.N.Apr. 6,2020) (Preska, J.) ("Mr. MILLAN Extraordinary Rehabilitation, toghether with his remorse and contrition, his conduct AS MODEL PRISIONER And MAN EXTRAORDINARY CHARACTER, his leader ship in the religion communityt at FCI-Fairton, his dedication to work with at-risk youth and suicide prevention, and the Support of BOP Staff at FCI-Fairton, including their opinion that if realeased, mr. millan's would be a productive member of society and no danger to others, and the " SENTENCING DISPARITY THAT WOULD BE A RESULT FROM FURTHER INCARCERATION ALL CONSTITUTE EXTRAORDINARY AND COMPELLING REASONS JUSTIFYING A REDUCTION-IN-SENTENCE".) . Petitioners has same same factors of Mr.Millan all constitute extraordinary circumstance justifying a REDUCTION -IN- SENTENCE HERE. Second Circuit held that, district court's have broad discretion to decide what constitute extraordinary and compelling circumstances for a reduction in sentence under 18 USC. & 3582(C)(1)(A) (" See, U.S. V. ZULLO-19-3219_Opn 2nd Cir. PdF") Second Circuit is careful to explain that, althoungh, we call it compassionate release, the statute actually says " **REDUCTION-IN-SENTENCE.** The district Court's held that, despite the FIRST STEP ACT's changes to compassionate release, See 18 USC. & 3582(C)(1)(A) the first step act freed district courts to consider any potentrally Extraordinary and Compelling circumastance or reasons that a defendants might raise for compassionate release. Second Circuir said, we must today decide whether the First Step Act empowered district Courts evaluating motions for compassionate release to consider (" ANY ") Extraordinary and compelling reasons or circumstances for release that a defendants might raise, or whether courts remain bound by U.S. Sentencing Guideline manual ("GUIDELINE OR U.S.S.G.") & 1B1.13 Application Note 1 (D). Because the Courts hold that application note 1(D) Does No Apply to Compassionate Release Motion Only in request MEDICAL CONDITIONS , brought " DIRECTLY " TO THE COURTS by a defendant under First Step Act, Second Circuit said, the courts in ZULLO Cases VACATE and REMAND the District Court Contrary Desicion.

Monday October 19, 2020 U.S.Sentence Commission release its latest up date First Step Act resentencing provision retroactive a date report First Step Act - For All of these circumstances reasons the FSA freed district courts to consider the **FULL SLATE O EXTRAORDINARY AND COMPELLING REASONS OR CIRCUMSTANCES IN THAT ITS CHANGE TO SENTENCING CALCULATION, " MANDATORY MINIMUM , GOOD BEHAVIOR CREDITS, & 924(C) , 851 Enhancement And & 3553(a) Factors in LONGER SENTENCES ETC. (" ANY CIRCUMSTANCE ")** . See, Reffered Cases GRANTED Extraordinary Circumnstances Release Reduction IN SENTENCE are the Follow:

> U.S. V. Zullo, No 19-3218 CR (2nd Cir. Sep. 25 2020) ( & All FACTORs & 3553(a) GRANTING Extraordinary Circumnstances- Longer Sentence, Disparaty Sentence, REHABILITATION ("Program Edutation ") MODEL Prisioner Was REDUCED In Sentence To Time Served.")

> U.S. V. MONDOCA, (SUPRA)(D.Md.2020) (" GRANTING Extraordinary Compassionate Release To Time Served In his Custody Time was Sufficient More of 10-Ten Years Of his " LIFE " Sentencing For Counts & 851(b) And & 924(C) & 3553(a) Factors was Considered (" ANY CIRCUMNSTANCES APPLY ") . " ).

> CARTER V. U.S. 2020 U.S.Dist. LEXIS 68343 (D.Md.2020) (" GRANTING Extraordinary Compassionate Release GRANT- Time Served Of his LIFE-Sentencing & 3553(a).")

### REHABILITATIVE EFFORTS & 3553(a)(1)

Although an inmates rehabilitation alone is not an Extraordinary and Compelling reasons for a Sentence reduction and release, such efforts can and should be considered as part of extraordinary and compelling reasons for release. U.S. V. LEDEZMA RODRIGUEZ,No 3:00-CR-00071, 2020 WL 3971517,at*6 (S.D.IOWA July 4,2020) (" [R]ightly or Wrongly, this countrys criminal justice system is premised on the idea that a person can-and hope fully well change after several years locked in prison"). See, "RODRIGUEZ, 551F. Supp.3d. at 405. [4]

While incarcerated, petitioners has obtained the program education rehabilitation are the follow:

Petitioner's Completed GED- OR- HIS- DIPLOMA ; JOB FAIR INFORMATION RPP #2 ; PRERELEASE ANXIENT- MANAGEMENT ; PRERELEASE STRESS MGMT And Drug Education ExemSee,Attachment EXHIBITH-( A ).[3]

3.- See, Program Review Copy 2020.

4.- See, Sentencing ComPotation Sheet, Pg. 1-3.

U.S. V. REYES, No 04-CR-970, 2020 WL 1663129,*5( N.D.Ill,Apr. 3,2020) ("The Court's founds that [Defendant] has demostrate Family Circumstances and **REHABILITATION** that allow for a sentence reduction based on Extraordinary and Compelling circumstances, because defendant has Served most of **his sentence already** the court finds that the circumstances allow an **EARLY RELEASE.**") . Here Petitioners had that same **CIRCUMSTANCES** , hi has Served : 7 ½ -Years in Custody most of his Sentence **ALREADY,** The court finds that here, and that all-circumstances allow an **EARLY RELEASE AT THIS TIME.** (he is Model-Prisioner-in Conduct).

Petitioners has other cases Reffered to GRANT-HIS EXTRAORDINARY COMPASSIONATE **RELEASE BASED HIS CIRCUMSTANCES PRESENTED HERE IN FACTORS APPLY & 3553(a) ; & 3553(A)(1); and & 3553(A)(1)(6) Here. Cases are the Follow:**

U.S. V. BERNARD J.EBBRYS, No 1:02-CR-1144-VEC ( S.Dist. N.Y. Oct. 11,2020) ;
U.S. V. FOX, 2019 WL 3046086, at 2 (D.Me July 11,2020)

District Court Judge in his Motion Extraordinary Circumstances under FIRST STEP ACT give discretion GRANTED HIS MOTION & 3582(C)(1)(A)

**THIS COURT HAVE " NOT " BEEN DETERRED BY SICNIFICANT TERMS OF IMPRISONMENT REMAINING IN CASES WHERE EXTRAORDINARY AND COMPELLING REASONS**

See, Reffered Case GRANTED-THAT, U.S. V. Ben Yhwh,---F.Supp.3d---, 2020 WL 1874125,at *2(D.Hawaii.Apr. 13,2020.) ("GRANTING Compassionate Release To Defendants Less Than 13-Month into 120-Months Sentence.),

U.S. V. WINSTON, Case No. 1:13-CR-639-RDB,Dkt.No 295(D.Md. 28,2020) ("GRANTING Compassionate Release to Defendant 36-Month Into 120-Month Sentence.) Petitioners had GRANTED his Motion here.

## EXTRAORDINARY AND COMPELLING CIRCUMSTANCES

The Outdated policy statement guides, but does not bind the court. Instead the court can determine of its own accord what circumstances are " Extraordinary or compelling under 18 U.S.C. & 3582(C)(1)(A)(i). That is to say, "[W]hile the old policy statement provides helpful guidance, it does not contrain the [C]ourt's independent assessment of whether EXTRAORDINARY And COMPELLING REASONS' warrant a Sentence reduction under & 3582(C)(1)(A)(i). U.S. V. Beck, 425 F. Supp.3d 573,579 (M.D.N.C. 2019), See also U.S. V. Jackson, No 08-20150-02-JWL 2020 WL 2812764, at *3 D.Kan.May 29,2020(" assuming, for purposes of deciding the motion, that court is not limited to Circumstances set forth in Subdivision (A) through (C); U.S. V. O'Bryan, No. 96-10076-03-JTM,2020 WL 869475,at*2 (D.Kans. Feb.21 2020) ("In the wake of the First Step Act, numerous court have recognized the court can determine whether Extraordinary and Compelling reasons exist to modify a sentence-- and may do so under the catch all' provision..."), U.S. V. Cantu, 423 F. Supp.3d 345,352 (S.D.Tex. 2019) ("Concluding that the correct interpretation of & 3582(C)(1)(A) is that when a defendant brings a motion for a sentence reduction under the amended provision, the court can determine whether extraordinary and compelling reasons- outside those delineated in subdivisions (A)-(C)--Warrant Granting Relief").

## COMPASSIONATE RELEASE IN LIGHT OF THE & 3553(a)

The next question is whether these Extraordinary and Compelling Circumstances warrant release in light of the 18 U.S.C. & 3553(a) Factors. Petitioners has 7½-years in Custody remaining 280-(Months) sentence. ( Deciplinary Conduct is "O"- Not-Deciplinary shot's ).

Although he has a Significant time remaining on his Sentence, he has also completed a Sicnificant portion of his Sentence while in Federal Custody. The Courts have not beeen deterred by sicnificant terms of imprisonment remaining in cases where Extraordinary and Compelling circumstances warrant release. See, U.S. V. Robinson, 18-03042-04-CR-S-SRB(WDMO)("Served Approximately 28-of his 132-months sentence.), U.S. V. Harrison, 17-00264-01-CR-W-GAF(WDMO)("Served aproximately 23-of 112-month Sentence.) , U.S. V. Winston, No.1:13-CR-639-RDB, Dkt.No 295(D.Md. Apr. 28, 2020) ("Granting Compassionate Release to defendant 36-month into 120-months sentence.

This Court finds that consideration of the factors set forth in & 3553(a) weighs in favor of Granting the requested relief. The nature and circumstances of defendants offense are serious, and that one factors could conceivably weigh against granting compassionate release. See & 3553 (a)(1) but the court finds that releasing petitioners to Home Confinement at this point and under these circumstances would be consistent with the other & 3553(a) factors and this court concludes that factors outweigh the Seriousness-of-offense factors.

## THE RELEVANT & 3553(a) SENTENCING FACTORS WARRANT REDUCING PETITIONERS SENTENCE TO TIME SERVED, ALTERNATIVE " HOME CONFINEMENT " AS CONDITION OF SUPERVISED RELEASE, IF THE COURT DEEMS IT APPROPRIATE

**UNDER COMPASSIONATE RELEASE STATUS,** when a defendant establishes the existence of Extraordinary and Compelling reasons circumstances justifying RELIEF, court must consider the relevant sentencing factors of 18 USC. & 3553(a) to determine whether a Sentencing reduction or Modification is Warranted. 18 USC. & 3553(a) Sentencing factors, clearly warran RELIEF.

### 18 U.S.C. & 3553(a)(2)(6). PETITIONERS IS NOT A DANGER TO THE SAFETY OF ANY OTHER PERSON OR TO THE COMMUNITY

While Petitioners offense conduct was certainly Serious, the offense was non-vioolence with no identifiable **VICTIM. (See,PRS-PART-A-FACTS CASE).** petitioners criminal history category is ( **I** ). In the approximately petitioners has $7\frac{1}{2}$-Years in Custody prison Federal, he has not had a disciplinary infraction of **CRIME OF VIOLENCE OR INJURY TO OTHER PERSON.**

Petitioners has a statistically **LOW RISK OF RECIDIVISM.** Petitioners must also serve a $7\frac{1}{2}$-Year **TERM OF SUPERVISED RELEASE,** during which he will be overseen by a federal probation officer. See, Record ; See also **U.S. V. EARLY,2020 WL 2112371, at *5 (N.D.I11.May 04,2020) ("Finding that the risk to the public Does Not Outweigh the Risk to [Early] from contracting the CORONAVIRUS while incarcerated, particulary where the probation office and the court will be Monitoring him while on Supervised release and [] the court will not hesitate to recommit him to prison should he again go astray.)** The proposed additinal condition of a period " HOME CONFINEMENT ", if the court sees fit to impose it, would also serve to protec the community.

### 18 USC. & 3553(a)(1) HISTORY AND CHARACTERISTICS OF PETITIONERS

The Approximately years that petitioners has been incarcerated for this matter have given him the opportunity to grow as a person. Wile incarcerated, petitioners wrked to better himself by completing Educational programs including the follow: _PRERELEASE STRESS (MGMT) ; JOB FAIR INFORMATION (RPP #2) ; PRERELEASE - ANXIENTY MANAGEMENT_ See, Exhibit: _A_ .Come in of Back. After Release, petitioners would like to put the education and than he received to work as he reestablishe his life.

8

Petitioners most relevant personal characteristic is his health and Vulnerability to COVID-19 this factors weighs in favor of release. SSimilarly, the statutory goal of imposing punishment would be satisfied by releasing defendant to home confinement release alternative in his family house into the United States.

petitioners factors of his case there is NO EVIDENCE THAT DEFENDANT POSES A CONTINUED DANGER TO THE COMMUNITY , Petitioners NEVER USE VIOLENCE, OR PREJUDICE OTHER PERSON, Or PREJUDICED OR ASSAULTED TO A CHILD OR MOLESTED A CHILD, His case did not have Prejudice to other Person . Petitioners have GRANTED his EMERGENCY MOTION COMPASSIONATE RELEASE . See, U.S. V. Reshiek, No. 14-CR-810(CM)(" U.S.Dis. S. N.Y. April 02,2020) ("Granting defendant compassionate release defendant his conditions medical at high risk group Covid-19 - defendant charges have " VIOLENCE " And CHARGE SEX OFFENSE OFFENSA .) , See, also U.S. V. Martin Shkreli,No 15-cr-637(KAM) (" E.Dis.N.Y. April. 22,2020)("Granting Compassionate Release confinement low security facility as factors favoring release.") , U.S. V. Curtis, 2020 WL 1935543( D.D.C. April 22,2020) ("Granting Compassionate Release discuted factors violence and Sex offense offensa without of violence and of element assault a child and his Medical conditions Granted Hom confinement Release.") Petitioners Claim that.

## NORTH LAKE FACILITY AND COVID-19

North lake is private prision maneged by GEO-Group,inc. That house as many of 1400 BOP inmates. According to BOP, North lake has the most COVID-19 cases of any privately managed BOP-Facility with 106 infection emergency in record and more of 300's inmate report to the nourse helth service units without of a registry record and more of 4-fourth inmate death, althoung BOP and GEO-Group do not track staffs statics for private prision, media report suggest at least 16-Staffs member at North Lake Facility had tested positive only by May 10. These numbers likely do not nrepresent the full toll Covid-19 has taken at North lake, as testing reinams limited and public reporting is Minimal. The Conditions at North Lake are so abysmal that inmate have engaged in multiple coordinated hunger strickes to try and save their own live from the spread of disease.  A request from inmates FAMILIES TO ATTORNEY GEN-Williams Barrs For Greater Supervision and Transparency from BOP went unheeded.

4-Four Inmate DIED FOR NEGLEC MEDICAL Possible Petitioner are the Follow- They DIED-Without of " SAFE And HEALTH SERVICE " CDC-Guidelines As Required That.

## CONCLUSION

**WHEREFORE,** Petitioners, ___MOISES GAMBOA___ Pray that, Requesting to this Court GRANT-MOTION APPOINMENT OF COUNSEL & 3006(A) GRANT-AMENDED MOTION COMPASSIONATE RELEASE EXTRAORDINARY CIRCUMSTANCES RELEASE " NO JUST FOR ILLNESS ("ANY MORE") INCLUDE THE CHANCE TO FIX UNFAIR SENTENCE WHEN NO OTHER AVENUE EXISTS AND CONSIDER ANY FACTORS & 3553(a) Whether these factors outweigh the EXTRAORDINARY AND COMPELLING REASONS CIRCUMSTANCES WARRANTING COMPASSIONATE RELEASE REDUCE IN SENTENCE OF: __16-year__ -To- TIME SERVED. This __10__, day off __December__, 2020.

**RESPECTFULLY SUBMITTED**

/S/ ___Moises G.___

mr. MOISES GAMBOA
Reg. Fed. No 18005-086
North Lake C.F. P.O. Box 1500
Baldwin, MI. 49304.

# CERTIFICATE OF SERVICE

I, __MOISES GAMBOA__ Do hereby certify under penalty perjury [28 USC. & 1746] that I have this day mailed and served the Attached requesting to this court __Grant Appointment of Counsel §3006(A) For Compassionate Release §3582(c)(A)(i) No Just For Illness (Any more) Include To Fix-UNFAIR-SENTENCE When "NO" other Avenue EXISTS and §3553(a)__ GRANT relief here. by depositing same in the Prison legal MAI-BOX for his Counsel with First Class postage affixed and addressed as Follow:

U.S. District Court For the West Virginia ("Huntington").
Mr/Miss: __Clerk of the Court.__
Adress: __845 Fifth Avenue.__
__Room #101. Huntington, WV. 25701-2014.__

Respectfully Submitted
Mr __MOISES GAMBOA /S/__ _Moises G._
Fed.Reg.No. __18005-086.__
NORTH LAKE CORRECTIONAL FACILITY
P.O. Box 1500
Baldwin, MI. 49304.

This __10__ day of __December__, 2020.

Mr. Moises Gamboa
Fed. Reg. N. 18005-086
North Lake Correctional Facility
P.O. Box 1500
Baldwin, MI. 49304
Unit: D-4 - Cell: 126-L



U.S. MARSHALS SERVICE X-RAYED

U.S. MARSHALS SERVICE X-RAYED

U.S. District Court For
The Western District of Virginia (Huntinton)
(Clerk of the Court)
845 Fifth Avenue
Room # 101
Huntington, W-V. 25701-2014

Document Legal's