IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:10-00111-09

MOISES GAMBOA

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Moises Gamboa's *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). ECF No. 806. Mr. Gamboa argues that a reduction in sentence is warranted for two reasons. First, Mr. Gamboa points to the ongoing COVID-19 pandemic in prisons and his health problems. Second, he argues that a sentence reduction is warranted considering the 18 U.S.C. § 3553(a) factors and because of his significant rehabilitation. Mr. Gamboa had already moved for compassionate release, which this Court denied, finding that there were no extraordinary and compelling reasons for his release, and that he had not exhausted his administrative remedies. For the following reasons, the Court **DENIES** his Motion. ECF No. 806.

## BACKGROUND

Mr. Gamboa was convicted of one count of possession with intent to distribute 100 KG or more of marijuana on February 1, 2017, and was sentenced to 200 months of imprisonment on June 19, 2017. ECF Nos. 707, 717. While he appealed his sentence, the judgment of this Court was affirmed on February 20, 2018. ECF No. 755.

Mr. Gamboa moved for a reduction in sentence based on section 404 of the First Step Act, for which he was not eligible. ECF No. 800. He then moved for compassionate release

based on COVID-19 considerations and the length of his sentence, which was denied by this Court. ECF No. 805. He now moves again for a sentence reduction. ECF No. 806.

## DISCUSSION

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. However, before defendants may request such a reduction, defendants must ask the BOP to do so on their behalf. See 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within 30 days, the defendant may file a motion before the court. *Id*.

If an inmate satisfies this administrative exhaustion requirement, courts may reduce the inmate's sentence if there are (1) "extraordinary and compelling reasons," (2) the defendant is "no longer a danger to the safety of any other person or to the community," and (3) release is consistent with the factors identified under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c); U.S.S.G § 1B1.13 (2018). During the COVID-19 pandemic, courts have recognized that compassionate release is appropriate where an inmate has shown both a particularized susceptibility to the virus and a particularized risk that she will contract the virus at his facility. *See, e.g.*, *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); *United States v. Eberbaugh*, No. CR 2:18-00222-02, 2020 WL 4804951, at *3 (S.D.W. Va. Aug. 18, 2020) (considering "the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility" to determine if compassionate release is appropriate).

Mr. Gamboa has indicated to this Court that he has submitted a request for compassionate release to the Warden of his facility, which was denied, thus exhausting his administrative remedies. He raised two arguments to support his Motion for Sentence Reduction. The Court will address them below.

1. COVID-19

Mr. Gamboa asserts that his BMI, placing him in the obese category, and his history of smoking place him at greater risk of contracting COVID-19. It is true that these factors have been identified by the CDC as placing one at more risk for a severe case of COVID-19. However, Mr. Gamboa has not shown that he is at significant risk at North Lake Correctional Institution. He asserts that there are numerous positive COVID-19 cases at North Lake, and that that the significant risk at his facility in conjunction with his health status places him at risk. However, currently there are zero positive cases reported for this facility. *See Private Facilities, COVID-19*, BOP, https://www.bop.gov/coronavirus/ (last visited June 14, 2022); *see United States v. Gray*, No. 2:18-00262-03, 2022 WL 2070634, at *3 (S.D.W. Va. June 7, 2022) (finding that compassionate release is not warranted when a movant cannot demonstrate elevated risk at their facility). Further, the availability of vaccination is helpful for inmates seeking to avoid severe COVID-19 and weakens Mr. Gamboa's "argument for compassionate release based on COVID-19 susceptibility." *United States v. Lester*, No. 1-17-00195-02, 2022 WL 468600 (S.D.W. Va. Feb. 15, 2022).

2. 18 U.S.C. 3553(a) Factors

Mr. Gamboa asserts that an analysis under the 18 U.S.C. § 3553(a) factors weighs in favor of a sentence reduction. He argues that he does not pose a danger to the community, as indicated by his good conduct while incarcerated. Further, he argues that his reentry plan will set

him up to succeed on supervised release. He notes that he will be employed immediately upon release and that he has strong family ties that will help him. He also argues that his disciplinary record and his significant rehabilitation while incarcerated weighs in favor of his release.

This Court is impressed with Mr. Gamboa's efforts to rehabilitate and educate himself. However, he was sentenced to 200 months for aiding and abetting the possession with intent to distribute 100 KG or more of Marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. At the sentencing, this Court found that he was an organizer of a major marijuana conspiracy and was responsible for the distribution of least 3,000 KG, but less than 10,000 KG, of marijuana. This Court also found that Mr. Gamboa lied under oath regarding his criminal conduct. Mr. Gamboa's 200-month sentence (which reflects a downward variance) took into consideration the 3553(a) factors. His rehabilitation efforts, while commendable, do not constitute "extraordinary and compelling" reasons for release. *See United States v. Stephens*, No. 2:18-00222-01, 2022 WL 479141, *2 (S.D.W. Va. Feb. 15, 2022) (noting that, even when considered alongside defendant's fear of contracting COVID-19, defendant's rehabilitation was not a reason for release).

## CONCLUSION

While the Court is sympathetic to Defendant's concerns regarding the coronavirus and looks favorably on his rehabilitative efforts, he has not demonstrated extraordinary and compelling reasons for release.

The Court accordingly **DENIES** the Motion and his request for the appointment of counsel. ECF No. 806.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:   June 15, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE